UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

Eddy Manuel Estevez Dominguez                   CASE NO. 21-10233-MG
                                                                                                            CHAPTER 7

                        Debtor.
------------------------------------------------------------------------X

## NOTICE OF HEARING FOR DEBTOR'S
## MOTION TO REOPEN CHAPTER 7 CASE

**PLEASE TAKE NOTICE**, that upon the motion (the "Motion") of the debtor, Eddy Manuel Estevez Dominguez, a hearing will be held before the Honorable Martin Glenn, United State Bankruptcy Judge, in his courtroom at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New Yor, 10004 on April 21, 2022 at 10:00am (the"Hearing") or as soon thereafter as counsel may be heard for the entry of an Order reopening Debtor's Chapter 7 case in order to file amended schedules to add a creditor.

**PLEASE TAKE FURTHER NOTICE** pursuant to Bankruptcy Judge Hon Martin Glenn's Chambers' Rules, available on the Court's Website (www.nysb.uscourts.gov), and at Bankruptcy Judge Hon. Glenn's Chamber's page located at https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn, the Court is not holding in-person hearings at this time; the Hearing will be conducted using Zoom for Government. Parties and counsel wishing to participate in the Hearing will be given instructions using Zoom for Government, whether making a "live" or "listen only" appearance before the Court.

Parties who wish to (i) participate "live" or (ii) listen only to a hearing telephonically may do so without requesting permission from Chambers.   Parties need to register for an eCourtAppearance by 4 PM the business day before the hearing at http://www.nysb.uscourts.gov/ecourt-appearances.

{02122413  /1 }

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, must be made in writing, set forth the nature of the objector's interest in the estate, state reasons and legal basis for the objection, and be served on the undersigned and filed at least seven (7) days before the hearing date.

Dated: White Plains, NY
March 25, 2022

          **CABANILLAS & ASSOCIATES, P.C.**

          */s/Paola D. Vera*
By:   Paola D. Vera, Esq.
     Cabanillas & Associates, P.C.
     Attorneys for the Debtors
     120 Bloomingdale Road, Suite 400
     White Plains, NY 10605
     (914) 6187427
     (914) 615-6516
     bankruptcy@cabanillaslaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
In re:

Eddy Manuel Estevez Dominguez                                            CASE NO. 21-10233-MG
                                                                         CHAPTER 7

                              Debtor.
-------------------------------------------------------------------------X

## MOTION TO REOPEN CHAPTER 7 CASE

Movant, Eddy Manuel Estevez Dominguez ("Debtor"), by his undersigned counsel, hereby move the Court to reopen his Chapter 7 case pursuant to 11 U.S.C. 350(b) for purposes of filing amended schedules to include Creditor Allstate Insurance Co.:

1. On February 5, 2021, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, *et. seq.*, of the United States Bankruptcy Code and an order of relief was duly entered.

2. On May 13, 2021, the Debtor received a discharge pursuant to an Order of Discharge that was entered on this Court's docket at ECF Docket No. 8, and the Debtor's Chapter 7 case was subsequently closed.

3. The Debtor desires to reopen his Chapter 7 case pursuant to 11 U.S.C. § 350(b) so that he may add a creditor Allstate Insurance Co.

4. Section 11 U.S.C. §350(b) provides: "(b) A case may be reopened in the court in which such case was closed to administer assets, ***to accord relief to the debtor, or for other cause*** [emphasis added]."

5. The Court should grant the Debtor's motion pursuant to 11 U.S.C. § 350(b) and reopen the case because the Debtor has demonstrated to the Court a prima facia case entitling her to the relief requested. *E.g., Noble v. Yingling,* 29 B.R. 998 (D.Del.1983), *after remand,* 37 B.R.

{02122413 /1 }

647 (D.Del.1984); *In* re *Yazzie,* 24 B.R. 576 (Bankr. App. 9th Cir.1982*); In* re *Skakalski,* 67 B.R. 448 (Bankr.W.D.Pa.1986); *In re Carilli,* 65 B.R. 280 (Bankr. E.D.N.Y. 1986); I*n re Palmquist,* 54 B.R. 24 (Bankr. D.Colo.1985); *In re Moser*, 27 B.R. 144 (Bankr.E.D.N.Y.1983*); In re Hall,* 22 B.R. 701 (Bankr.E.D.Pa.1982); *Matter of Russell*, 20 B.R. 537 (Bankr.W.D.Pa.1982); *Matter of Hart,* 16 B.R. 78 (Bankr.D.Neb. 1981); *Matter of Swanson*, 13 B.R. 851 (Bankr.D.Idaho 1981).

6. The rule set forth in the above-cited cases holds that the permissive nature of §350(b) allows a debtor to reopen her case for the purpose of having the Court consider a motion to avoid the judicial liens under 11 U.S.C. §522(f), provided that, the creditors are not prejudiced thereby.

7. In the case of *In re Skakalski*, the Court considered the issue of whether the debtor should be permitted to reopen his case for the purpose of presenting to the Court a motion to avoid a judicial lien pursuant to 11 U.S.C. §522(f). The Court, addressing the issue, opined that the language of 11 U.S.C. §350(b) "appears to be a clear and specific grant of a right to the debtor and a direction to the Court or a grant of permission to the Court to reopen a case to accord to the debtor the relief contained in the Bankruptcy Code, and is applicable in this instance." *Id.* at 451.

8. In the case of *In re Hall*, *supra.* at 702-702, the Court quoting *In re Hart*, *supra.*, when ruling upon the issue, stated:

> [T]here is nothing in the Bankruptcy Code or Rules or the legislative history of either to indicate that § 522(f) could be invoked only prior to discharge. The imposition of an artificial deadline for filing a § 522(f) complaint in fact runs counter to the congressional intent of the section that of protecting the debtor's exemption as well as his discharges . . .
>
> It would be inconsistent with the congressional scheme of fresh start to deprive an individual filing under the new Code the opportunity to regain his exempt property. The language of the

{02122413 /1 }

        exemption section should, therefore, be read to allow the fullest
application of its provisions.   Accordingly, post-discharge use of
the exemptions through lien avoidance will be permitted.

9.      The rule set forth would prevent the Court from granting the relief requested in the instant case ***only if*** the Debtor's creditors demonstrate that they would suffer prejudice thereby due to a material change in their position post-discharge.   *In re Hawkins*, *supra.*, *In re Skakalski*, *supra.*, *In re Hall*, *supra.*, *In re Rheinbolt*, *supra.*, *In re Newton*, *supra.* and *In re McDonald*, *supra.*

10.     It is patently clear that no prejudice will result to any of the debtor's creditors by allowing the debtor to reopen his case for the purpose of filing Amended Schedules.

11.     Upon information and belief, the debtor's judgment lien creditors have not materially changed their position in reliance upon the debtor's failure to include the missing creditor.

12.     In the instant case, the debtor has demonstrated that he is entitled to reopen his case under 11 U.S.C. § 350(b) as debtor has shown there is a basis upon which the Court may grant him relief pursuant to 11 U.S.C. § 522(f)(2)(A), that no prejudice will result to the judgment and lien creditors, and the instant motion was filed in a timely manner.   *In re Skakalski*, *supra.*, *In re Hall*, *supra.*, *In re Hart, supra.*, *In re Gortmaker*, *supra.*, *In re Rheinbolt*, *supra.*, *In re McDonald*, *supra.*, *In re Newton*, *supra.*, *In re Peterson*, *supra.*, and *In re Hawkins*, *supra.*

13.     Accordingly, for all of the foregoing reasons, the debtor's chapter 7 case should be reopened to file the Amended Schedules.

14.     The Bankruptcy Court should exercise its equitable powers in this matter so as to prevent substantial injustice.

     **WHEREFORE,** the Debtor prays for an Order reopening his case in order for him to add

{02122413 /1 }

additional creditor, Allstate Insurance Co. under 11 U.S.C. §522(f)(2)(A); and for such other and further relief as to the Court may deem just and proper.

Dated: White Plains, New York
March 25, 2022

                                        **CABANILLAS & ASSOCIATES, P.C.**

                                        */s/Paola D. Vera*
By:   Paola D. Vera, Esq.
        Cabanillas & Associates, P.C.
        Attorneys for the Debtors
        120 Bloomingdale Road, Suite 400
        White Plains, NY 10605
        (914) 6187427
        (914) 615-6516
        bankruptcy@cabanillaslaw.com